In the Matter of the Estate of ANTONIO ESCALONA Y GARAVIS, Deceased.

Surrogate's Court, New York County, February 11, 1931.

*Nathan Bardach,* for the petitioner.

*Frank Antonsanti,* for the respondent.

O'BRIEN, S. This is a petition by Aurora Escalona Testa alleging that she is a sister of the deceased and asking that ancillary letters testamentary issued to the widow, Hortensia Mendez y Diaz, be revoked on the ground that they were improperly issued out of this court.

The testator died in Paris, France, on the 12th day of July, 1930, leaving a will. This will under the Spanish law is what is called a " notarial will." It was proved before the notary on the 5th day of August, 1930, and was admitted to probate in Porto Rico. Exemplified copies were filed in this court on the application for ancillary letters testamentary. The will gives all the property to the widow. The petitioning sister contends that the deceased was a *resident of the county of New York* and that the will was not properly probated in Porto Rico but should have been probated in New York county, *the alleged residence* of the deceased. The petitioning sister takes nothing under the will. From the testimony of the witnesses called it appears that the deceased was born in Porto Rico; was in the tobacco leaf and cigar business and came to this country twenty or twenty-five years ago. He spent the summer in New York and the winter in Porto Rico. He owned a house in Porto Rico and other property there. When he was in New York he rented an apartment. At the time of his death, he had an apartment at 250 West Eighty-fifth street. His brother-in-law, Victor Testa, testified that he knew him for twenty years; he saw him in New York many times in the last five years; visited him at his home 250 West Eighty-fifth street and at his prior residence at One Hundred and Sixteenth street and Lexington avenue. The widow testified that she and he lived in Porto Rico and in New York and that " *she was present at the execution of the will* " which took place in Porto Rico. She was barred from giving any further testimony by objection taken by the attorney for the petitioner. The testimony of the witnesses produced on behalf of the petitioner did not either in quality or in scope carry conviction to the mind of the court. It was altogether too meagre and too weak to outweigh the effect of the declaration made by the testator in the will executed in Porto Rico, viz., " *Mr. Antonio Escalona y Garavis, 46 years of age, property owner, married to Mrs. Hortensia Mendez y Diaz, a resident of New York, United States of America, staying temporarily in San Juan, Porto Rico.*" This statement is too solemn and too serious to permit of any deduction

that it was cursory or a matter of routine or merely descriptive or without special significance. Furthermore the widow in her petition for ancillary letters of administration addressed to this court also made the same statement —" that at the time of his death, the decedent was a resident of the City, County and State of New York." I, therefore, hold that the weight of evidence proves that the deceased at the time of his death was a resident of the county of New York, and the application to revoke the ancillary letters testamentary is, therefore, granted.